UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

YUMBA KAMANDA,

    Plaintiff,

v.                                            CAUSE NO. 3:24-CV-728 DRL-SJF

ZEA GYAMPOH *et al.*,

    Defendants.

## ORDER

Yumba Kamanda filed an amended complaint and several new motions following the court's order denying her leave to proceed *in forma pauperis* [7]. Ms. Kamanda's amended complaint still doesn't meet federal pleading standards. *See* 28 U.S.C. § 1915(a)(1).

The court construes Ms. Kamanda's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, though *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

Ms. Kamanda hasn't established a basis for jurisdiction. The court has an independent obligation to insure its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). Federal district courts have original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331—and diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $ 75,000, 28 U.S.C. § 1332.

This court denied Ms. Kamanda's first motion to proceed *in forma pauperis* because her original complaint didn't provide the court a basis for federal question jurisdiction. The prior order provided Ms. Kamanda leave to amend, explaining that her claims didn't sufficiently establish federal question

jurisdiction. Rather than attempt to plead diversity jurisdiction, which the court offered to her as a possibility, she explicitly returns again to federal question jurisdiction. She names the same defendants (Zea Gyampoh, Zoe Gyampoh, Roslyn Gyampoh, and Hayford Gyampoh) and claims, without providing more information, that the court has jurisdiction because the case involves violations of federal law.

This first amended complaint, like the original, alleges that the defendants manipulated her into signing a lease, then defamed her. Ms. Kamanda explains that she tried to contact law enforcement, and she claims that the defendants have been engaging in terrorism. Ms. Kamanda still cites criminal law including grand theft, breaking and entering, and fraud. As the court explained in its prior order, the court doesn't initiate criminal prosecutions—that is the job of prosecutors. Similarly, the court does not conduct investigations into individuals and won't here. Nothing in the new complaint provides a basis for federal jurisdiction. She hasn't stated a claim under the Constitution, treaties, or laws of the United States, as the court previously explained was necessary. 28 U.S.C. § 1331.

Her remaining claims against these four individual defendants include negligence, breach of contract, intentional infliction of emotional distress, and other state law claims. The court noted in its last order that the only way it would have jurisdiction over these claims is through diversity jurisdiction. The court considers this though Ms. Kamanda explicitly chooses to forgo it. She hasn't properly pleaded citizenship. Diversity among citizens means "citizens of different States." 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction turns on citizenship, which means domicile, not residence." *Sheneman v. Jones*, 682 F. Appx. 498, 499 (7th Cir. 2017). Ms. Kamanda says the defendants currently reside in California and North Carolina [7 ¶ 2-5], but residence does not equal domicile, so this falls short of pleading citizenship. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Meyerson v. Harrah's E. Chi. Casino*, 299

2

F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). This court cannot exercise jurisdiction without a proper basis for diversity. Ms. Kamanda remains free to try to bring her claims in state court, but federal court isn't the proper place for this suit.

In addition to filing the amended complaint, Ms. Kamanda filed a motion for extension of time for resubmission [8] with a second amended complaint attached [8-2]. Ms. Kamanda didn't request permission to file a second amended complaint; but, even if she had, this second amended complaint still doesn't plead diversity sufficiently. In fact, once again, Ms. Kamanda tries to assert that the court has federal question jurisdiction and says that the court has supplemental jurisdiction over the state claims because of the federal question. Without a basis for jurisdiction, the court must deny her other motions [8, 9, 10, 11, 12].

The court considered affording Ms. Kamanda another opportunity to amend her complaint, *see Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), but she already had an opportunity to amend once with specific instruction that diversity jurisdiction was her sole option. She instead took the opportunity only to assert federal question jurisdiction again. Even her third proposed complaint doesn't correct the deficiency. There is no reasonable basis to conclude that a fourth will. Accordingly, the court DENIES her motion to proceed *in forma pauperis* [9], DENIES her additional motions [8, 10, 11, 12], and DISMISSES this case for lack of jurisdiction (thus without prejudice).

SO ORDERED.

November 15, 2024                                  *s/ Damon R. Leichty*
                                                                       Judge, United States District Court